UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:

JOHN C. RINGWALD,   :   Case No. 04-23961T
    *Debtor(s)*
                                              :
---------------------------------------------------------
                                              :

POSTAL ANNEX, INC.,   :
    *Plaintiff(s)*
                                              :
       *v.*                                 :   Adv. No. 04-2428
                                              :

JOHN C. RINGWALD,   :
    *Defendant(s)*
                                              :

## **ORDER**

AND NOW, this 18th day of October, 2005, it is ORDERED that Defendant's motion to dismiss Plaintiff's Amended Complaint is GRANTED IN PART AND DENIED IN PART as follows:

*(1)* Defendant's motion to dismiss Plaintiff's Amended Complaint as having been filed outside the deadline set forth in Fed. R. Bankr. P. 4004(a) is DENIED as the court finds that Plaintiff's original complaint was filed within the time frame permitted by Fed. R. Bankr. P. 4004(a)(4) and the amended complaint, which this court permitted Plaintiff to file, relates back to the date of the filing of the original complaint since the claims asserted in the amended complaint arose out of the conduct, transactions and/or occurrences set forth or attempted to be set forth in the original complaint, see Fed. R. Civ. P. 15(c)(2), which is made applicable to adversary proceedings

in bankruptcy cases by Fed. R. Bankr. P. 7015; and

*(2)* Defendant's motion to dismiss that portion of Plaintiff's Amended Complaint which purports to set forth a cause of action under 11 U.S.C. §727(a)(6) is GRANTED and the portion of Plaintiff's Amended Complaint which purports to set forth a cause of action under 11 U.S.C.§727(a)(6) is DISMISSED since Plaintiff consents to dismissal of this cause of action, see Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss Amended Complaint, II (G) at 5; and

*(3)* Defendant's motion to dismiss that portion of Plaintiff's Amended Complaint which purports to state a cause of action under 11 U.S.C. §727(a)(2) and (7)[1] is GRANTED as the court finds that, accepting all well pleaded allegations contained in the Amended Complaint and all reasonable inferences arising therefrom as true and viewing them in the light most favorable to Plaintiff, the Amended Complaint fails to state a claim under 11 U.S.C. §727(a)(2) and (7) upon which relief may be granted, see Angelastro v. Prudential Bache Security, Inc., 764 F.2d 939, 944 (3rd Cir. 1985); Fed R. Civ. P. 12(b)(6), which is made applicable to adversary proceedings in bankruptcy cases by Fed. R. Bankr. P. 7012(b);[2] and

---

1. Plaintiff's Amended Complaint requests that Defendant be denied a discharge under 11 U.S.C. §727(a)(4), (6) and (7). While the Amended Complaint does not contain a specific request that Defendant be denied a discharge under section 727(a)(2) (the subsection within section 727(a) which requires that a debtor be denied a discharge if he transfers or conceals property of the debtor, within one year before the filing of the bankruptcy petition, with intent to hinder, delay or defraud a creditor), the Amended Complaint nonetheless contains allegations regarding a transfer which occurred in 1999 which Plaintiff asserts was made by Defendant with intent to defraud it and which Plaintiff asserts is a basis to deny Defendant a discharge. Accordingly, for purposes of the motion presently before us, we shall treat the Amended Complaint as though it specifically requests relief under section 727(a)(2) as well.

2. The facts as gleaned from a review of the Amended Complaint are as follows. Plaintiff is owed $74,000.00 by Defendant and is the largest unsecured creditor of the bankruptcy estate. Plaintiff and Defendant entered into a ten year franchise agreement on November 1, 1993 under which Defendant agreed to operate a business as a sole proprietor under Plaintiff's franchise name. In exchange for the ability to use

Plaintiff's franchise name, business model and the availability of operational support from Plaintiff, Defendant agreed to pay Plaintiff royalty fees. In December of 1999, Defendant requested that Plaintiff consent to an assignment and assumption of the franchise agreement by a corporation that Defendant intended to form. Plaintiff advised Defendant that Plaintiff would not permit an assignment and assumption of the franchise agreement by a new entity without first obtaining personal guarantees from the officers of the new corporation. Defendant never again notified Plaintiff that he intended to alter the terms of the 1993 franchise agreement. However, in December of 1999, Defendant formed a corporation, known as Waldring, Inc., with the corporate stock being held as follows: Defendant: 35%, Defendant's wife: 35% and their son: 35%. The Amended Complaint alleges that Defendant's wife did not give any consideration for her shares of stock in Waldring, Inc. The Amended Complaint further alleges that in January of 2000, Defendant began operating his sole proprietorship business in the name of Waldring, Inc., trading as Postal Annex, and that Defendant effectively transferred 100% of his interest in his Postal Annex franchise to Waldring, Inc., without notifying Plaintiff and obtaining Plaintiff's consent. In October of 2001, Waldring, Inc. attempted to "deidentify" the store as a Postal Annex franchise and continued to operate a substantially similar business in the same location under the name "Keystone Copy and Ship." Next, the Amended Complaint alleges that Defendant was aware of a non-compete clause contained in the 1993 franchise agreement and that Defendant knowingly, intentionally and fraudulently transferred all of his business assets to his newly formed corporation in an attempt to circumvent the non-compete clause and defraud Plaintiff. Finally, the Amended Complaint alleges that the transfer of Defendant's sole proprietorship business to Waldring, Inc. and the alleged intentional concealment of that transfer make the transfer a fraudulent transfer and forms the basis for Plaintiff's request that Defendant be denied a discharge under 11 U.S.C. §727(a) (2), (6) and (7).

Section 727(a)(2) requires that a debtor be denied a discharge if he transferred or concealed property within one year of the date he filed his bankruptcy petition with intent to hinder, delay or defraud a creditor. In the case before us, it is undisputed that the transfer in issue occurred in December of 1999 and that Defendant filed his chapter 7 petition more than four years later, on July 27, 2004. As the transfer in issue occurred more than one year before the date that Defendant filed his bankruptcy petition, it cannot form the basis for a denial of Defendant's discharge under section 727(a)(2) or (7). While Plaintiff argues that the one year look-back window provided under section 727(a)(2) should be extended because Defendant allegedly intentionally concealed the transfer, the cases Plaintiff cites to support this argument do not involve section 727(a)(2) at all and do not support Plaintiff's position. In fact, it appears from a review of Plaintiff's brief that Plaintiff admits that it knew of the transfer in issue in August of 2003, which would defeat Plaintiff's ability to rely upon the continuing concealment doctrine to extend the one year look-back period. See Plaintiff's Second Response and Memorandum to Defendant's Motion to Dismiss at 3. Moreover, we note that our independent research discovered a Third Circuit case involving an extension of the one year look-back period contained in section 727(a)(2) based upon the continuing concealment theory; however, in this case, the Third Circuit specifically held that "[u]nder section 727(a)(2), a relevant concealment can occur only if property of the debtor is concealed ... What is critical under the concealment provision of §727(a) is whether there is concealment of property, not whether there is concealment of a transfer." Rosen v. Bezner, 996 F.2d 1527, 1530, 1531-32 (3rd Cir. 1993). Here, Plaintiff's Amended Complaint alleges that Defendant concealed the transfer of property, not that Defendant concealed property. Amended Complaint, ¶15. In fact, Defendant disclosed his interest in Waldring, Inc. on his schedules, and therefore, no argument could be made that Defendant concealed his interest in this asset. Moreover, the Third Circuit also held that "§727(a) requires both an act and an improper intent during the year prior to bankruptcy in order to deny a debtor a discharge. Under the continuing concealment doctrine, a concealment initiated prior to the one year period but continuing into that period will fulfill the act requirement. However, the party objecting to discharge must still prove an improper subjective intent during the year before bankruptcy in order to succeed." Rosen, 996 F.2d at 1532-33. Here, Plaintiff's Amended Complaint does not contain any such allegation.

*(4)* Defendant's motion to dismiss that portion of Plaintiff's Amended Complaint which purports to state a cause of action under 11 U.S.C. §727(a)(4) is DENIED as the court finds that accepting all well pleaded allegations contained in the Amended Complaint and all reasonable inferences arising therefrom as true and the viewing them in the light most favorable to Plaintiff, the Amended Complaint alleges facts sufficient to state a cause of action under section 727(a)(4), see Angelastro, 764 F.2d at 944; Fed R. Civ. P. 12(b)(6), which is made applicable to adversary proceedings in bankruptcy cases by Fed. R. Civ. P. 7012(b).[3]

IT IS FURTHER ORDERED that Defendant shall file an Answer to the Amended Complaint within **twenty (20) days of the date of this Order.**

Reading, PA

THOMAS M. TWARDOWSKI
United States Bankruptcy Judge

---

Accordingly, for all of these reasons, we find Plaintiff's argument that the one year look-back provision contained in section 727(a)(2) should be extended misplaced and we grant Defendant's motion to dismiss Plaintiff's Amended Complaint to the extent that it purports to state a claim under section 727(a)(2) and (7) on this theory.

3. The Amended Complaint alleges that Defendant should be denied a discharge under 11 U.S.C. §727(a)(4) because Defendant made a false oath or account in connection with his bankruptcy case by intentionally, knowingly and fraudulently misrepresenting the value of his interest in Waldring, Inc. as zero on his Schedules. In order to prevail under section 727(a)(4), Plaintiff must establish that Defendant: "(1) made a false oath or statement; (2) that was knowing and fraudulent; and (3) that was material to the bankruptcy proceeding. (citation omitted). A debtor's false statement or omission on his Schedules constitutes a false oath or statement under §727(a)(4)(A)." Casey v. Kasal, 223 B.R. 879, 884 (E.D. Pa. 1998). While "courts are more reluctant to deny a debtor's discharge when assets are undervalued than when they are undisclosed, at least one court has held that undervaluation of even a single asset is sufficient to provide a basis for denial of discharge under [s]ection 727(a)(4). In re Guthrie, 265 B.R. 253, 263 (Bankr. M.D. Ala. 2001). " Zimmerman v. Zimmerman (In re Zimmerman), 320 B.R. 800, 807 (Bankr. M.D. Pa. 2005). Here, viewing the allegations contained in the Amended Complaint as true, we must conclude that the Amended Complaint states a claim under section 727(a)(4) upon which relief may be granted. Of course, Plaintiff will have to prove these allegations at trial at which time Defendant shall have the opportunity to defend.